**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cr-0065** |
| | ) | |
| **SAMUEL ELIAS PENA COLUMNA, RAMMER** | ) | |
| **ANDRES GUERRERO-MORALES,  and JOAN** | ) | |
| **MORALES NOLASCO,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

**BEFORE THE COURT** is the trial in this matter currently scheduled for November 1, 2021. Also before the Court is Joan Morales Nolasco's ("Nolasco") Motion for Extension of Time to File Document. For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including May 23, 2022.

On October 15, 2021, Nolasco filed a motion for extension of time to file document. (ECF No. 206.) In the motion, Nolasco states that counsel recently received the discovery in this matter. *Id.* at 1. Nolasco asserts that the discovery is voluminous and, as such, counsel has not had sufficient time to review the discovery. *Id.* Nolasco requests additional time to review the discovery and file motions, as appropriate. *Id.*

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that defendants be tried within seventy days of indictment. Nevertheless, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), a Court may exclude a period of delay in computing the time within which the trial of an offense must commence if the Court grants a continuance if "failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *see United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) (finding that the district

did not err when it granted a continuance to "give an earlier newly appointed counsel time to prepare").

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension is necessary to allow for sufficient time to adequately review the voluminous discovery materials.

Moreover, in response to the current conditions in the COVID-19 pandemic, the undersigned, as Chief Judge of the District Court of the Virgin Islands, issued a general order concerning operations of the Court on September 30, 2021, suspending all jury trials through October 31, 2021.[1] The Court hereby fully incorporates the findings from the Court's Twenty-Seventh Operations Order as fully stated herein.

To date, the COVID-19 virus has claimed more than 741,000 lives in the United States (81 of which have been in the U.S. Virgin Islands). COVID-19 continues to present an unpredictable threat to public health and safety, as shown in the recent surge in COVID-19 cases both in the continental United States and the Virgin Islands. As a multi-defendant case, this case presents significant challenges for the Court to comply with social distancing guidelines during the jury trial. Practical considerations would require additional spacing for Defendants, counsel, and jurors—and the potential for additional jurors in the courtroom. As such, the Court finds that extending the period within which Defendants may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendants, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.[2]

The premises considered, it is hereby

**ORDERED** that Defendant Nolasco's motion for extension of time to file, ECF No. 206, is **GRANTED**; it is further

---

[1] https://www.vid.uscourts.gov/sites/vid/files/general-ordes/Twenty-Seventh%20Order%20Concerning%20Court%20Operations%20During%20COVID%20Outbreak.pdf

[2] The Speedy Trial Act also excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. . . ." 18 U.S.C. § 3161(h)(1). In this matter, there are numerous pending motions docketed at ECF Nos. 84, 89, 96, 106, 146, and 209.

      **ORDERED** that the deadline to file motions in this matter **SHALL** be December 17, 2021; it is further

      **ORDERED** that the time beginning from the date of this order granting an extension through May 23, 2022 **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

      **ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later May 16, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

      **ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than May 18, 2022;[3] and it is further

      **ORDERED** that the jury selection and trial in this matter **SHALL** commence promptly at 9:00 on May 23, 2022, in St. Thomas Courtroom 1.

**Dated:** October 29, 2021                     */s/Robert A. Molloy*
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**

---

[3] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.